UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>LONGBOARD PIER LLC,<br><br>    Defendant. | No. 2:22-cv-0103-KJM-CKD<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 23) |

    Plaintiff Brian Whitaker moves the court for default judgment against defendant Longboard Pier LLC in the amount of $6832.00, including damages, attorney fees and costs. Defendant has neither appeared nor opposed the motion. This matter was deemed appropriate for decision without oral argument. (See ECF No. 24.) For the following reasons, the undersigned will recommend the motion for default judgment be denied.

**I. BACKGROUND**

    Plaintiff initiated this action on January 18, 2022, alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Act. (ECF No. 1.) Plaintiff has a C-4 spinal cord injury, is a quadriplegic, and uses a wheelchair for mobility. (Id. at ¶ 1.)

    Defendant operates the Beach Hut Deli restaurant at 2535 Fair Oaks Blvd. in Sacramento,

1

California. (Id. at ¶ 2.) In January of 2022, plaintiff visited the restaurant and discovered a lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users, and that other outside dining surfaces were too high. (Id. at ¶ 12.) Plaintiff alleges that on information and belief, defendant currently fails to provide wheelchair accessible dining surfaces. (Id., ¶ 14.) On January 11, 2022, an investigator with the Center for Disability Access visited the restaurant and took photos and measurements indicating defendant had outdoor dining surfaces that did not have knee clearance for wheelchair users measuring at least 27 inches high, 30 inches wide, and 19 inches deep thereby making it inaccessible to wheelchair users. (ECF No. 23-1 at 7.) The lack of accessible outdoor dining surfaces has deterred plaintiff from visiting the restaurant, but plaintiff would return if the restaurant and its facilities were accessible. (ECF No. 1 at ¶ 20.)

On May 11, 2022, a notice of acknowledgment of receipt of summons and complaint was filed reflecting service on defendant's agent for service of process. (ECF No. 4.) At plaintiff's request, the Clerk of the Court entered a default on May 24, 2022. (ECF Nos. 7, 11.) Plaintiff filed the motion for default judgment on October 19, 2022. (ECF No. 23.)

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See

TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

## III. DISCUSSION

### A. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice without entry of default judgment. Such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, plaintiff filed suit on January 18, 2022, and defendant has failed to appear, respond to the complaint, or otherwise put forth a defense in this action. Under the current circumstances, the present litigation cannot move forward, prejudicing plaintiff and leaving no recourse other than to seek a default judgment. This factor weighs in favor of default judgment.

#### 2. Merits of the Substantive Claim and the Sufficiency of the Complaint

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together due to the relatedness of the inquiries. The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination

3

claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). The third element may be shown where a defendant "fail[s] to remove architectural barriers ... where such removal is readily achievable." Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)).

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski, 481 F.3d at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)). Thus, if plaintiff has sufficiently alleged an ADA claim in the first cause of action, he has also alleged the elements for a claim under the Unruh Act in the second cause of action.

### a. Disabled

Plaintiff alleges he is disabled within the meaning of 42 U.S.C. § 12102 because he is quadriplegic and uses a wheelchair for mobility. Section 12102(1)-(2)(A) defines "disability" as a physical or mental impairment that "substantially limits one or more major life activities" including walking. Plaintiff is disabled within the meaning of the ADA.

### b. Public Accommodation

Title III identifies restaurants, bars, and other establishments that serve food and beverages as places of public accommodation. 42 U.S.C. § 12181(7)(B). Plaintiff alleges defendant owns and operates Beach Hut Deli restaurant at 2535 Fair Oaks Blvd. in Sacramento, California. Taking plaintiff's allegations as true, the complaint establishes that defendant owns, leases, or operates a public accommodation.

### c. Architectural Barrier

Plaintiff's motion for default judgment argues the complaint shows an architectural barrier in violation of the 2010 ADA Accessibility Guidelines ("ADAAG"), pertaining to knee and toe clearance, which is the space underneath a built element and above the floor. (See ECF No. 23-1 at 11.) The 2010 ADAAG specify that at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with certain knee and toe clearance requirements. See

ADAAG §§ 226.1, 902.2; see also id., §§ 306.2.1, 306.2.3, 306.3.1, 306.3.3.[1] Plaintiff alleges the outdoor dining surfaces at the restaurant did not have sufficient knee and tow clearance. (ECF No. 1 at ¶¶ 11-13.)

Plaintiff does not, however, address the presence or absence of indoor ADA-compliant dining surfaces, whether indoor dining was offered when plaintiff visited in January of 2022, or whether the ADA requires full access to outdoor dining when indoor dining is available.[2] Other district courts have held that such omissions create both evidentiary and legal gaps that preclude granting a motion for default judgment. See Johnson v. Qolor LLC, No. 21-CV-08475-RS, 2022 WL 3348589, at *2 (N.D. Cal. Aug. 12, 2022) ("[c]ourts in this district have held that alleging only that the outdoor dining tables were ADA-deficient is not enough to grant default judgment" (citing Johnson v. Tram Chim's Corp, No. 21-CV-01821-WHO, 2021 WL 6129054, at *1 (N.D. Cal. Nov. 8, 2021)); see also Whitaker v. Lonely Planet LLC, No. 21-CV-03365-JSC, 2022 WL 3088384, at *4 (N.D. Cal. Feb. 3, 2022), report and recommendation adopted, No. C 21-03365 WHA, 2022 WL 3084316 (N.D. Cal. Aug. 3, 2022) (denying motion for default judgment where "there are no factual allegations as to the restaurant's indoor dining surfaces, if any").

Taking the well-pleaded factual allegations as true, it is unclear whether plaintiff was denied a public accommodation in violation of the ADA. Molski, 481 F.3d at 730. Because the Unruh claim is derivative of the ADA claim, the Unruh claim also has defects. The defects in the merits of plaintiff's substantive claims and the sufficiency of the complaint weigh against granting the motion for default judgment.

/////

---

[1] The 2010 ADAAG are set forth at https://www.ada.gov/law-and-regs/design-standards/2010-stds/#2010-standards-for-public-accommodations-and-commercial-facilities-title-iii, last visited January 17, 2023.

[2] Plaintiff alleges "[o]n information and belief, the defendants fail to provide wheelchair accessible dining surfaces." (ECF No. 1 at ¶ 14.) Such an allegation "omits necessary [well-pleaded] facts" and is insufficient to state a claim on which a plaintiff may recover. See Johnson v. Prithviraj, LLC, No. 2:15-cv-0257-JAM-CKD, 2019 WL 718117, at *3, n.3 (E.D. Cal. Feb. 20, 2019); see also Amarte USA Holdings, Inc. v. G.L.E.D Cosms. US Ltd., No. 20-CV-768-CAB-AGS, 2020 WL 10322586, at *2 (S.D. Cal. Dec. 15, 2020) (allegation "on information and belief" is not a well-pleaded fact that must be assumed as true).

### 3. The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). The court assesses whether the recovery sought is proportional to the harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct"). Because the complaint's well-pleaded allegations do not allow the merits to determined here, the reasonableness of the award in relation to the seriousness of the defendant's conduct also cannot be determined. The undersigned finds this factor to be neutral in this instance.

### 4. The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default. Based on the complaint's lack of allegations regarding the restaurant's indoor dining surfaces, material facts may be in dispute. This factor weighs against granting the default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The record contains no indication that defendant's default was due to excusable neglect. Where the defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Despite having been served with plaintiff's complaint and the motion for default judgment, defendant has failed to respond. This factor favors granting the motion for default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist,

Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. In this instance, where there are defects in the complaint and material facts may be in dispute, the policy of resolving disputes on the merits does not favor granting default judgment.

### IV. CONCLUSION AND RECOMMENDATION

Taken together, the Eitel factors do not support granting the motion for default judgment. Accordingly, it is HEREBY RECOMMENDED that the motion for default judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 18, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.whit0103.mdj